Dewana G. **TURNER**, Bonita H. Hixson, Yolanda P. Monroe, on behalf of themselves and all others similarly situated, Petitioners,

v.

**ALASKA COMMUNICATIONS SYSTEMS LONG DISTANCE, INC.,** and Alaska Communications Systems Group, Inc., Respondents.

No. S–10692.

Supreme Court of Alaska.

May 23, 2003.

Before: FABE, Chief Justice, MATTHEWS, EASTAUGH, BRYNER, and CARPENETI, Justices.

### Order

**IT IS ORDERED:**

Petitioners, representatives of a plaintiff class that is suing Alaska Communications Systems Long Distance, Inc. and Alaska Communications Systems Group, Inc. for altering a long distance calling plan, contest the wording of the superior court's class notice. We granted the plaintiffs' petition for review on October 29, 2002 and heard oral argument on May 14, 2003. The specific language that is the subject of this petition suggests that absent class members who do not opt out of the class may be held liable under Civil Rule 82 for defendant's attorney's fees if the class suffers an adverse judgment. The contested language of the notice states:

> In Alaska, the losing side in a lawsuit is generally required to pay a portion of the winning side's costs and attorney's fees. Whether this rule applies to all members of a class action is uncertain.... Thus if you cho[o]se to remain a member of the class there is a possibility that you will be required, if the class loses, to pay some of ACS's costs and attorney's fees incurred in opposing this litigation.

We hereby **REVERSE** the order of the superior court approving the disputed language in the class notice and hold that absent class members who stand to gain only small monetary compensation[1] and who remain

---

1. Counsel for the plaintiff class indicates that the award of damages for each individual class member will range from zero to a thousand dollars. We therefore need not address the situation of absent class members who stand to receive large monetary awards.

passive class members throughout the litigation[2] may not be held liable for a successful defendant's attorney's fees. An opinion setting out the rationale of our decision will follow. Jurisdiction is returned to the superior court pending issuance of a published opinion so that the litigation may proceed.

Entered at the direction of the court.

**2.** This ruling does not address the undecided question of whether absent class members who decide to become active at some point during the litigation are liable for Rule 82 attorney's fees.